1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FRANK GALLARDO,

11              Plaintiff,                        No. CIV-S-10-1263 KJN (TEMP) P

12         vs.

13    M. CATE, et al.,

14              Defendants.                       ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel and in forma pauperis,

17    with an action filed pursuant to 42 U.S.C. § 1983.  By order filed December 20, 2010, plaintiff's

18    complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an

19    amended complaint.

20              The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25    U.S.C. § 1915A(b)(1),(2).

26    ////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13 claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

14 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16 Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which

17 relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct.

18 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see

19 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20    For the most part, plaintiff's amended complaint is vague and plaintiff simply

21 fails to allege sufficient facts suggesting any defendant violated plaintiff's civil rights in any way.

22 In this court's December 20, 2010 order, plaintiff was informed as follows:

23      If plaintiff chooses to amend the complaint, plaintiff must
         demonstrate how the conditions complained of have resulted in a
24      deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
         625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in
25      specific terms how each named defendant is involved.  There can
         be no liability under 42 U.S.C. § 1983 unless there is some
26      affirmative link or connection between a defendant's actions and

2

1   the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);
2   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
    conclusory allegations of official participation in civil rights
3   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d
    266, 268 (9th Cir. 1982).

4

5   Despite the court's advice, the problems with plaintiff's original complaint have not been cured.

6           There is one other major problem with plaintiff's amended complaint.  The facts

7   and claims therein primarily concern prison disciplinary proceedings.  During those proceedings,

8   plaintiff was assessed a loss of good conduct sentence credit.  Most of plaintiff's claims

9   impliedly contest the validity of the decision to revoke good conduct credit and are therefore

10  barred by Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).

11          Good cause appearing, the court will allow plaintiff one more opportunity to cure

12  the defects in his pleadings.  If plaintiff chooses to file a second amended complaint, he must

13  comply with the terms of this order and the court's December 20, 2010 order.  In addition,

14  plaintiff is again informed that the court cannot refer to a prior pleading in order to make

15  plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This requirement is

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

19  original pleading no longer serves any function in the case.  Therefore, in a second amended

20  complaint, as in an original complaint, each claim and the involvement of each defendant must

21  be sufficiently alleged.

22          In accordance with the above, IT IS HEREBY ORDERED that:

23          1.  Plaintiff's amended complaint is dismissed; and

24          2.  Plaintiff is granted thirty days from the date of service of this order to file a

25  second amended complaint that complies with this order, the court's December 20, 2010 order,

26  the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local

1   Rules of Practice; the second amended complaint must bear the docket number assigned this case

2   and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies

3   of the second amended complaint; failure to file a second amended complaint in accordance with

4   this order will result in a recommendation that this action be dismissed.

5   DATED: March 28, 2011

6

7   _____
    KENDALL J. NEWMAN

8   UNITED STATES MAGISTRATE JUDGE

9   gall1263.14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4